IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SHELLY TAYLOR,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | **CIVIL ACTION NO. 2:19-cv-00180** |
| § | |
| **LONGVIEW MEDICAL CENTER,** § | |
| **L.P. d/b/a LONGVIEW REGIONAL** § | |
| **MEDICAL CENTER** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Shelly Taylor, Plaintiff in the above-captioned cause, makes and files this Plaintiff's Original Complaint complaining of and against Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center (hereinafter "Longview Regional Medical Center").[1] In support, Plaintiff shows as follows:

## PARTIES

1. Plaintiff, Shelly Taylor, is a citizen of the United States and the State of Texas and currently resides in Upshur County, Texas.

2. Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center, may be served by serving its registered agent for service, Corporation Service Company d/b/a

---

[1] Plaintiff originally named CHSPSC, LLC d/b/a Community Health Systems-Longview Regional Medical Center as the Defendant. By agreement, Plaintiff amends this Complaint and names Longview Medical Center, L.P. d/b/a Longview Regional Medical Center as the correct legal entity that employed Plaintiff. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff makes this amendment as a matter of course and with the express written consent of Longview Medical Center, L.P. d/b/a Longview Regional Medical Center. Furthermore, pursuant to Rule 15(c), this amendment relates back to the original date of filing.

CSC – Lawyers Incorporating Service Company, at the following address: 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit because the action arises under federal law. The Court's jurisdiction is invoked under 28 U.S.C. § 1343(a)(4).  Plaintiff sues under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634. Plaintiff also sues under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*

4. Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district.  The unlawful discrimination complained about in this lawsuit occurred in this district.  *See* 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

5. This is an action under 28 U.S.C. § 1343(a)(4) to correct unlawful employment practices on the basis of age.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Plaintiff, Shelly Taylor, is a 54-year-old female. She worked for Longview Regional Medical Center for 17 years with a pristine employment record. For example, Ms. Taylor had

outstanding reviews and was named as the Hospital's Outstanding Director in 2016.

8. On January 8, 2018, Shelly Taylor was fired. The stated reason Defendant gave for Plaintiff's termination was that Plaintiff allegedly looked at a physician's medical records and thereby breeched confidentiality. Plaintiff emphatically denies these allegations. Moreover, other younger employees had in fact reviewed the physician's records, but those employees were not terminated.

9. The real reason Plaintiff was fired is because of her age and gender. Furthermore, Defendant terminated Plaintiff while she was taking care of her quadriplegic son in violation of federal law.

10. Prior to Plaintiff's termination, the Chief Operating Officer, a male named Anthony Brooks, hired a much younger, inexperienced man to act as Plaintiff's immediate supervisor. Plaintiff protested this hire.

11. Additionally, or about January 8, 2018, Plaintiff returned to Longview Regional Medical Center after she has been caring for her quadriplegic son, who needed assistance after the birth of his own child. Upon her return to Longview Regional Medical Center, Defendant fired Plaintiff.

12. After Plaintiff's termination, Plaintiff learned that a much younger, less experienced male replaced her.

## AGE DISCRIMINATION

13. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her age.  At all material times, Plaintiff was 40 years of age or older.

14. Defendant, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited,

segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

15. Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other younger or less qualified employees similarly situated in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

16. The employment practices of Defendant, by and through Defendant's agents, specifically, replacing Plaintiff with a younger worker due to the age of Plaintiff, had a disparate and adverse impact on older workers, including Plaintiff.  Such employment practices were not based on any reasonable factor other than age.

17. Plaintiff alleges that Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of age with malice or with reckless indifference to the federally-protected rights of Plaintiff.

## SEX/GENDER DISCRIMINATION

18. Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center intentionally engaged in unlawful employment practices involving Plaintiff because she is a female. Defendant, therefore, violated Title VII of the Civil Rights Act of 1964, as amended. Defendant violated Title VII by engaging in gender discrimination. Specifically, Defendant attempted to hire an inexperienced male to supervise her. Later, Defendant hired a very young and inexperience male to replace her following the termination of her job. Defendant's actions violate 42 U.S.C. § 2000e-2(a)(1).

## **VIOLATIONS OF THE FMLA**

19. Plaintiff was an eligible employee within the meaning of the FMLA. She was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. She was employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

20. Defendant was an employer within the meaning of the FMLA.

21. As a covered employee under the FMLA, Plaintiff was entitled to at least 12 work weeks of leave to care for the Plaintiff's son who was in need of care because he is a quadriplegic. Plaintiff's son is 18 years of age or older and is incapable of self-care because of physical disability at the time Plaintiff's FMLA leave in this case was to commence.

22. Defendant violated the FMLA because it interfered with her ability to take leave, and it fired her upon returning from leave.

23. Plaintiff advised her employer that she needed to take leave because her son was expecting newborn. Because Plaintiff's son is a quadriplegic, Plaintiff needed to take off time to care for him during the time immediately following the birth of Plaintiff's grandchild. Plaintiff's daughter-in-law could not care for Plaintiff's son due to the birth.

24. Before Plaintiff left to be with her son, she notified Defendant of the need to take FMLA leave. Defendant told Plaintiff not to take FMLA. Instead, it wanted her to take personal time off and be available by phone. Moreover, after Defendant put Plaintiff on administrative leave based on the false claim of violation of patient privacy.

25. By discouraging and preventing Plaintiff from taking approved FMLA leave, Defendant interfered with her ability to take protected leave.

26. Plaintiff was scheduled to return from her absence on January 8, 2018, but she needed to

extend her leave because of pregnancy complications. Defendant, however, called her back from Austin, Texas, to Longview on January 8th. Defendant then illegally fired her.

27. The FMLA prohibits an employer's discrimination or retaliation against an employee for exercising her rights under the FMLA. In this case, Plaintiff engaged in a protected activity. She took leave that was protected under the FMLA. Defendant then fired her. There is a causal link between the protected activity, and the Defendant's discharge from her employment with Defendant Longview Medical Center, L.P. d/b/a Longview Regional Medical Center.

28. Plaintiff sues Defendant for violating the FMLA. All conditions precedent have been performed or have occurred.

## RESPONDEAT SUPERIOR AND RATIFICATION

29. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## DAMAGES

30. Plaintiff seeks the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    All money and benefits Shelly Taylor should have earned but for the illegal discrimination and/or FMLA discrimination/retaliation;

    b.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c.    Back pay from the date that Plaintiff was denied equal pay for equal work

and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Interest;

h. Loss of employment benefits;

i. Injunctive relief, including but not limited to, reinstatement and a Court order requiring that Defendant providing adequate training to comply with federal employment laws, such as the ADEA, Title VII, and the FMLA;

j. Compensatory damages to compensate Plaintiff for her out-of-pocket expenses caused by the illegal discrimination and to compensate her for any emotional harm suffered, such as mental anguish, inconvenience, or loss of enjoyment of life.

## **PUNITIVE AND LIQUIDATED DAMAGES**

31. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary/punitive damages under Title VII. Likewise, Plaintiff seeks liquidated damages under the ADEA and under the FMLA.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Shelly Taylor, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; punitive and/or liquidated damages; attorney's fees;  interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Dobbs & Porter, PLLC

By: _/s/ Gregory S. Porter_

Gregory Porter
Texas Bar No. 24002785
Email:  greg@dobbsporterlaw.com
3311 Woods Blvd
TYLER, TX 75707
Tel. (903) 600-4878
Fax. (903) 705-6253

**Attorney for Shelly Taylor**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**